UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAHSAAN COLEMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DIANA BECTON BROWN, Municipal Court Judge In and For Contra Costa County of the State of California; et al.,<br><br>　　　　Defendants.<br>_____/ | No. C-12-6291 EMC (pr)<br><br><br><br>**ORDER OF DISMISSAL** |

　　Rahsaan Coleman filed this *pro se* prisoner's civil rights action against two judges who presided over the criminal proceedings against him. He contends that their "practices, acts and/or policies ... have caused plaintiff to be wrongly or illegally tried, convicted and sentenced on the basis of excess of jurisdiction." Docket # 1-1, p. 3. Mr. Coleman's theory is that his conviction and sentence are invalid because the two defendant judges did not timely file their oaths of office.

　　A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

　　To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was

committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Generally, a plaintiff may not obtain damages in a § 1983 action for alleged constitutional violations in connection with his criminal trial as long as the conviction remains in place. *Heck v. Humphrey*, 512 U.S. 477 (1994), held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, unless that conviction or sentence already has been determined to be wrongful. *See id.* at 486-87. A conviction or sentence may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus. *See id.* The *Heck* rule also prevents a person from bringing an action that – even if it does not directly challenge the conviction or other decision – would imply that the conviction or other decision was invalid. The practical importance of this rule is that a plaintiff cannot attack his conviction *in* a civil rights action for damages; the decision must have been successfully attacked *before* the civil rights action for damages is filed. The *Heck* rule was first announced with respect to an action for damages, but the Supreme Court has since applied the rule to an action that sought declaratory relief as well as damages. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997). If success in the § 1983 action would "necessarily demonstrate the invalidity of confinement or its duration," the § 1983 action is barred no matter the relief sought (i.e., damages or equitable relief) as long as the conviction has not been set aside. *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005).

Mr. Coleman claims that defendants violated his rights by causing his conviction in an allegedly unlawful trial – unlawful because defendants' oaths of office were defective. Although he alleges at one point that his complaint "is not challenging the criminal conviction or sentence," he alleges in the next breath that he is "challenging the established state procedure itself which destroyed his rights to a fair trial." Docket # 1-1, p. 15. He requests that the Court issue an order vacating his sentence and conviction, and order a new trial for him. *Id.* at 18. Mr. Coleman's claims are squarely within the *Heck* rule because success on them would call into question the validity of

his conviction and sentence from the Contra Costa County Superior Court. The complaint must be dismissed.

The exclusive method for a state prisoner to challenge his state court conviction or sentence in federal court is by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Mr. Coleman already has done so. His habeas petition challenging his conviction was denied in 2012, and both the district court and the Ninth Circuit denied a certificate of appealability. *See Coleman v. McGrath*, No. C 04-4069 PJH. A prisoner who wishes to file a second or successive habeas petition challenging the same conviction or sentence must first obtain from the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") an order authorizing this Court to consider a second or successive petition. 28 U.S.C. § 2244(b)(3)(A). Seeking such an order from the Ninth Circuit would be an exercise in futility for Mr. Coleman because the claim has already been rejected. Mr. Coleman presented his challenge to the judges' oaths in his first federal habeas petition and the district court dismissed the claim because it presented only a question of state law. *See* Docket # 24, p. 2 in *Coleman v. McGrath*, C 04-4069 PJH. The court must dismiss a claim presented in a second or successive petition that was presented in an earlier petition. *See* 28 U.S.C. § 2244(b)(1).

**CONCLUSION**

For the foregoing reasons, this action is **DISMISSED**. Plaintiff's request for appointment of counsel is **DENIED** because, in light of the dismissal of the action, there is no reason to appoint counsel. (Docket # 3.) The Clerk shall close the file.

IT IS SO ORDERED.

Dated: April 19, 2013

_____
EDWARD M. CHEN
United States District Judge

3